# UNITED STATES DISTRICT COURT
for the
# DISTRICT OF MINNESOTA

Lindsey Borja,

       Plaintiff,

v.                                       Civil Action No.

Bernick, Lifson, Greenstein, Greene & Liszt, P.A., a Minnesota Professional Association,

       Defendant.

# CIVIL COMPLAINT
## JURY TRIAL DEMANDED

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

4.   Plaintiff Lindsey Borja is a natural person who resides in the City of Brooklyn Park, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Bernick, Lifson, Greenstein, Greene & Liszt, P.A., (hereinafter "Defendant Bernick Lifson") is a law firm operating from an address of the Colonnade Suite 1200, 5500 Wayzata Boulevard, Minneapolis, Minnesota 55416 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.   Sometime prior to September 20, 2010, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an alleged debt for homeowner's association fees owed to Strawberry Commons Condominium I, which was for Plaintiff's personal, family and household purposes.

7.   The alleged financial obligation is a "consumer credit transaction" as that term is defined by Minn. Stat. §491A.01 Subd. 3.

*Threats to Take Legal Action That Could Not Legally be Taken*

8.   On or about July 29, 2008, Strawberry Commons Condominium Association, also known as Strawberry Commons Condominium I, was awarded judgment in the amount of $5,375.20 for homeowners association dues and late fees from February 1, 2007 through July 20, 2008, in the State of Minnesota, County of Hennepin Conciliation Court Case Number 27-CO-08-0729089. See Exhibit 1.

9.   On or about September 20, 2010, Defendant Bernick Lifson, on behalf of Strawberry Commons Condominium I, caused a Summons and Complaint to be served upon Plaintiff seeking judgment in the amount of $15,525.23 for monthly assessments, special assessments and interest assessed. See Exhibit 2.

10.   That the Complaint served upon Plaintiff on or about September 20, 2010 sought judgment against Plaintiff for debts already adjudicated by the Conciliation Court in Case Number 27-CO-08-0729089. See Exhibit 3.

11.   This communication was a false and deceptive communication in an attempt to collect a debt, in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(a)(1), 1692c(b), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

*Actual Damages*

12.     Defendant sued Plaintiff twice for the same debt; Plaintiff has suffered actual

        damages from defending this baseless lawsuit.

13.     As the result of Plaintiff's actions Defendant has suffered anxiety,

        sleeplessness and other negative emotions.

## TRIAL BY JURY

14.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

        issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

15.     Plaintiff incorporates by reference all of the above paragraphs of this

        Complaint as though fully stated herein.

16.     The foregoing acts and omissions of Defendants and their agents constitute

        numerous and multiple violations of the FDCPA including, but not limited

        to, each and every one of the above-cited provisions of the FDCPA, 15

        U.S.C. § 1692 et seq., with respect to Plaintiff.

17.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff

        is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

Dated: March 24, 2011                    **WEIG LAW FIRM, LLC**

By:  **s/Paul H. Weig**
Paul H Weig, Esq.
Attorney I.D.#0288792
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone:  (612) 501-4841
Facsimile: (612) 234-4392
paulweig@email.com

**Attorney for Plaintiff**